**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LORAIN WRIGHT,

Plaintiff,

vs. Case No. 3:26-cv-2628-MMH-SJH

ARMAUNI JONES and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendants.
__________________________________/

**ORDER**

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking"). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction

pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On September 29, 2026, Defendant State Farm Mutual Automobile Insurance Company (State Farm) filed a notice of removal asserting that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. See Defendant State Farm Mutual Automobile Insurance Company's Notice of Removal and Memorandum of Law (Doc. 1; Notice) ¶ 16. State Farm asserts that diversity jurisdiction is proper because this is an action between citizens of different states, and the amount in controversy exceeds $75,000. Id. ¶ 33. In the Notice, State Farm asserts that Plaintiff Lorain Wright is "a resident of Detroit, Michigan."[1] Id. ¶ 13. With regard to the Defendants to this action, State Farm properly alleges its own citizenship, id. ¶¶ 14-15, but does not provide any information as to the citizenship of Defendant Armauni Jones. Upon review of these allegations, the Court is unable to determine whether it has diversity jurisdiction over this action because State Farm has inadequately pled the citizenship of Jones. Indeed, State Farm does not identify the citizenship of its

---

[1] To establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides. See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994); see also Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1269 (11th Cir. 2013) ("Residence alone is not enough."). However, Wright has stated in her Disclosure Statement that she is "domiciled in and therefore a citizen of the State of Michigan." Lorain Wright's Disclosure Statement (Civil) Under Rule 7.1, Federal Rules of Civil Procedure, and Local Rule 3.03 (Doc. 18), filed October 22, 2026, at 3. Thus, the Court recognizes that Wright is a citizen of Michigan.

co-Defendant Jones at all.

Upon review of the filings, it appears that Wright has not yet effected service of process on Jones.[2] See Notice ¶ 10. Nonetheless,

> [a] non-resident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant. Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service.

See New York Life Ins. Co. v. Deshotel, 142 F.3d 873, 883-84 (5th Cir. 1998) (collecting cases); see also Roberts v Clifford, No. 20-80771-CIV-ALTMAN/Brannon, 2020 WL 4350727, at *1-3 (S.D. Fla. July 29, 2020); Braude v. Emory/Saint Joseph's, Inc., No. 1:16-CV-3839-MHC, 2016 WL 9454436, at *2 (N.D. Ga. Dec. 5, 2016). Thus, for this Court to have diversity jurisdiction over this case, Jones's citizenship must also be diverse from that of Wright. As such, in the absence of any allegations as to the citizenship of Jones, State Farm has not alleged the facts necessary to establish that the parties to this action are completely diverse.

---

[2] The Court notes that in the Notice State Farm does not disclose whether Jones joins in or consents to the removal of this action. See Russell Corp. v. Am. Home Assur. Co., 264 F.3d 1040, 1049 (11th Cir. 2001) ("[T]he law is well settled that in cases involving multiple defendants, all defendants must consent to the removal of a case to federal court."). However, because Jones has not been served, State Farm may properly remove this action without Jones's consent. See White v. Bombardier Corp., 313 F. Supp. 2d 1295, 1299 (N.D. Fla. 2004) (noting that there is an exception to the unanimity requirement where a non-consenting defendant has not yet been served with process).

Without additional information regarding the citizenship of Jones, the allegations presently before the Court are insufficient to invoke the Court's diversity jurisdiction over this action.[3] Accordingly, it is

**ORDERED**:

Defendant State Farm shall have up to and including **November 20, 2026**, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida on November 9, 2026.

MARCIA MORALES HOWARD
United States District Judge

---

[3] Carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two Eleventh Circuit decisions issued in 2017. See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1316-17 (11th Cir. 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1222, 1228 (11th Cir. 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law. No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").

lc38

Copies to:

Counsel of Record
Pro Se Party